IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DUSHAWN LEVERT GARDNER, :
    Petitioner :
 :
v. : CIVIL NO. 1:11-CV-1312
 :
WARDEN RONNIE HOLT, :
    Respondent :

*M E M O R A N D U M*

       The pro se petitioner, Dushawn Levert Gardner, an inmate at USP-Canaan, Waymart, Pennsylvania, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In November 1996, Petitioner was convicted by a jury in the United States District Court for the Eastern District of North Carolina of violating 18 U.S.C. § 1962(c), a provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1962, by promoting an interstate drug ring.  Petitioner was convicted of other offenses as well.[1]  In March 1997, he was sentenced to life imprisonment on several of the offenses, to run concurrently, and to 120 months' imprisonment on two of the offenses, to run concurrently on the sentences of life imprisonment.  His conviction and sentence were affirmed on direct appeal.  *See Celestine*, *supra*, note 1.

---

    [1]   He was also convicted of conspiracy to commit the section 1962(c) offense in violation of RICO section 1962(d), a "narcotics conspiracy in violation of 21 U.S.C. § 846 (1995). . . . murder in aid of racketeering and aiding and abetting in violation of 18 U.S.C. §§ 2 & 1959(a)(1) (1995), conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), carjacking resulting in death in violation of 18 U.S.C. §§ 2 & 2119(3) (1995), using and carrying a firearm to further a crime of violence causing death in violation of 18 U.S.C. §§ 2 & 924(i) (1994), conspiracy to kidnap in violation of 18 U.S.C. § 1201(c) (1995), and kidnaping resulting in death in violation of 18 U.S.C. §§ 2 & 1201(a)(1)."  *United States v. Celestine*, 43 F. App'x 586, 588 (4th Cir. 2002) (per curiam) (nonprecedential).

The instant 2241 petition challenges the constitutionality of the jury instructions in connection with the RICO conviction under section 1962(c). Petitioner also appears to be challenging the jury instruction on reasonable doubt.

The magistrate judge has filed a report and recommendation, recommending that the petition be dismissed for lack of jurisdiction, because a challenge to a conviction and sentence must be by way of a motion under 28 U.S.C. § 2255 filed in the sentencing court. The magistrate judge noted that a petitioner may invoke section 2241, but only if his remedy by way of section 2255 is inadequate or ineffective to test the legality of his detention, and Gardner had not met that exception. In making his recommendation, the magistrate judge noted Petitioner's statement that he had not filed a 2255 motion.

We are considering Petitioner's two objections to the magistrate judge's report and recommendation. His first objection is that the magistrate judge was mistaken in asserting that he had not filed a 2255 motion. In fact, Petitioner had filed such a motion and had "merely failed to mention that he had" done so in his 2241 petition. (Doc. 11, Objections, p. 4).[2] Hence the magistrate judge's recommendation is incorrect as it relies on Petitioner's not having sought relief by way of a 2255 motion and having that avenue still available.

---

[2] The court notes that the 2255 motion was denied, a ruling affirmed on appeal to the Fourth Circuit. *United States v. Gardner*, 206 F. App'x 299 (4th Cir. 2006) (per curiam) (nonprecedential). The Fourth Circuit also affirmed the district court's rejection of Petitioner's attempt to reopen 2255 proceedings under Fed. R. Civ. P. 60(b). *United States v. Gardner*, 320 F. App'x 155 (4th Cir. 2009) (per curiam) (nonprecedential).

This objection lacks merit. It is immaterial whether Petitioner filed a 2255 motion or not.[3] Since he may file a 2241 petition only if his remedy under section 2255 is inadequate or ineffective, *see* 28 U.S.C. § 2255(e), we have no jurisdiction to entertain his 2241 petition. Section 2255 is not ineffective or inadequate "merely because the sentencing court has denied relief, or because the petitioner cannot meet the gatekeeping requirements of § 2255." *Manna v. Schultz*, 591 F.3d 664 (3d Cir. 2010) (citations omitted).[4]

Petitioner's second objection is that section 2255 is inadequate or ineffective because *Boyle v. United States*, 556 U.S. 938, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009), is an intervening change in the law that renders him factually innocent of the section 1962(c) offense. He relies on *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In *Dorsainvil*, the Third Circuit held that section 2255 is inadequate or ineffective when its gatekeeping requirements prevent a petitioner from presenting a claim that a change in the law after his 2255 motion was considered has made the conduct for which he was convicted no longer criminal. *Id.* at 251-52.

Petitioner argues that *Boyle* supports his position that the jury instructions erroneously allowed the jury to convict him of the section 1962(c) offense because the instructions did not make it clear to them that the enterprise had to be distinct from the

---

[3] We note that Petitioner did not just fail to mention that he had filed a 2255 motion. He affirmatively stated that he had not. (Doc. 1, Petitioner's 2241 form petition, answer to question 12).

[4] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless certain requirements are met.

pattern of racketeering activity.[5]  Hence he was convicted of conduct that was not criminal under the statute.  He maintains that this distinction did not become "crystal clear" until *Boyle* was decided, even though he had "been arguing something similar since his objection to the jury instructions, all the way up until now." (Doc. 11, Objections at p. 8).

*Dorsainvil* does not assist Petitioner.  For that case to allow Petitioner to invoke section 2241, *Boyle* would have to have decriminalized the conduct that the government relied on at trial to establish Petitioner's guilt of the section 1962(c) offense. *Boyle* did not do that; it held instead that the government did not have to prove that an enterprise had to have a "structural hierarchy," among other features.  556 U.S. at __, 129 S.Ct. at 2245.  If anything, this ruling works against Petitioner, not for him.  In *Boyle*, the Court did recognize that the enterprise had to be distinct from the pattern of racketeering activity, but that principle was noted in *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528-29, 69 L.Ed.2d 246 (1981), as the Court observed in *Boyle,* 556 U.S. at __, 129 S.Ct. at 2245, thirty years ago.

Additionally, *Dorsainvil* does not apply here because Petitioner is relying on one of his 2241 claims of improper jury instructions to assert factual innocence.[6]  That is

---

[5] In pertinent part, a section 1962(c) offense requires the government to prove that the defendant "conduct[ed] or participate[d] . . . in the conduct of [an] enterprise's affairs . . . through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c).

[6] One of the claims presented in the 2241 petition is that the trial judge did not properly instruct the jury that the enterprise had to be distinct from the pattern of racketeering activity. (Doc. 2, memorandum in support of the 2241 petition at p. 8).

not enough to invoke *Dorsainvil*.  See *Parke v. Kirby*, __ F. App'x __, __, 2011 WL 3274215, at *2 (3d Cir. 2011) (per curiam) (nonprecedential) (a claim of factual innocence based on an unconstitutional jury instruction presented as a claim for relief in the section 2241 petition, and not on a previously unavailable legal interpretation, does not make section 2241 an available remedy) (citing *Manna*, *supra*, 591 F.3d at 665).

        We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: November 14, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUSHAWN LEVERT GARDNER,         : | |
|     Petitioner              : | |
| : | |
| v.                                              : | CIVIL NO. 1:11-CV-1312 |
| : | |
| WARDEN RONNIE HOLT,           : | |
|     Respondent            : | |

*O R D E R*

AND NOW, this 14th day of November, 2011, upon consideration of the

report (Doc. 10) of the magistrate judge, filed September 14, 2011, the objections (Doc.

11) that were filed thereto, and upon independent review of the record, it is ordered that:

    1.  The magistrate judge's report (Doc. 10) is adopted.

    2.  The petition (Doc. 1) for a writ of habeas corpus under
28 U.S.C. § 2241 is dismissed for lack of jurisdiction.

    3.  The Clerk of Court shall close this file.


                               /s/ William W. Caldwell
                               William W. Caldwell
                               United States District Judge